IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Belval et al. v. Ameriquest Mortgage Company, et al.* Case No. 06 CV 02469 | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
LIMITED OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT**

## I. INTRODUCTION

By this Opposition, defendant Ameriquest Mortgage Company ("Ameriquest") challenges the Plaintiffs' in *Belval et al. v. Ameriquest Mortgage Company et al.*, improperly noticed and futile amendment to add a time barred count. Plaintiffs state, in their Motion for Leave to File Amended Complaint ("Motion"), that they seek to amend for the sole purposes of (1) adding the current holders of the note and mortgages described in the complaint; or (2) to substitute the proper holder of the note and mortgages described in the complaint. Ameriquest does not oppose these amendments. However, what Plaintiffs fail to set forth in their Motion is their improper attempt to add a new count based on a time barred claim. Indeed, Plaintiffs, for the *first time*, assert a claim based on a May 1, 2004 mortgage loan to Sharon and Ronald Kach. As detailed below, that claim, because of the Truth in Lending Act statutes of limitations, must be brought within, at most, three years of the loan closing.[1] Accordingly, Plaintiffs were required to bring this new count, at latest, prior to May 1, 2007. Since Plaintiffs did not seek

---

[1] Ameriquest contends the applicable statute of limitations under the Truth In Lending Act ("TILA") for statutory and actual damages is one year. However, since Plaintiffs' proposed amendment fails even the three-year statute of limitations for rescission claims, Ameriquest will, for purposes of this opposition only, refer to the TILA three year statute of limitations instead of the one-year TILA statutes of limitations.

leave to amend their complaint to add this count until June 26, 2007, the addition of this count is futile and would only result in the Court and the parties expending their resources on a Motion to Dismiss based on the statute of limitations. As such, Ameriquest respectfully requests that the Court deny Plaintiffs' request to add this improperly noticed time barred count.

## II. It is Within the Court's Discretion to Deny Leave to Amend.

A court should deny leave to amend where it is clear that plaintiff cannot state a claim upon which relief can be granted. *Thompson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004). Accordingly, a district court may deny leave to amend if the amendment would be futile. *Indiana Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F. 3d 652, 655 (7th Cir. 2003); *DeSalle v. Wright*, 969 F.2d 273, 277-78 (7th Cir. 1992). Leave to amend is futile if the proposed claim fails to allege facts that could conceivably support a valid theory of liability. *Goulding v. Feinglass*, 811 F.2d 1099, 1103 (7th Cir. 1987) (*citing Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979), *cert. denied,* 482 U.S. 929 (1987)). As detailed below, Plaintiffs' proposed amendment to add plaintiffs Sharon and Ronald Kach's May 1, 2004 mortgage loan is futile since it is barred by the TILA statute of limitations. Accordingly, this Court should deny Plaintiffs' Motion as to its request to add this time barred claim.

### A. Plaintiffs' Sharon and Ronald Kach's Claims for Any Relief Based on their May 1, 2004 Mortgage Loan Are Barred By The Statute of Limitations.

TILA sets forth two different statutes of limitations for claims based on defective disclosures. Claims for <u>rescission</u> must be brought within <u>three years</u> after consummation of the transaction. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Claims for <u>statutory and actual damages</u> under TILA must be brought within <u>one year</u> after consummation of the transaction. 15 U.S.C. § 1640(e); *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002). Consummation occurs when the plaintiffs become contractually obligated on a credit transaction. *Brown v. NationsCredit Fin. Servs. Corp.*, 349 F. Supp. 2d 1134, 1136 (N.D. Ill. 2005). In the cases in this proceeding brought by borrower plaintiffs, consummation occurred upon the closing of the loans at issue. *See id.*

Even assuming, *arguendo*, that the three-year statute of limitations applies to plaintiffs Sharon and Ronald Kach's Twenty-Third count based on their May 1, 2004 loan, this count is

2

barred by the statute of limitations. (Exhibit B to Plaintiff's Motion, at ¶¶ 265-276, Docket 06-02469 No. 42.) The Kach's were required to bring their claim based on this loan no later than *May 1, 2007*. Instead, Sharon and Ronald Kach attempt to bring this count for the *first time* via the Twenty-Third Count in the proposed Amended Complaint, which was not filed until June 26, 2007. (*Id.*) As such, the Kach's did not bring this claim within three years after consummation (*i.e.*, closing) of their loan. Since even the longest of the TILA statute of limitations has expired, the Kach's cannot assert any claims based on their May 1, 2004 loan. Accordingly, this Court should deny Plaintiffs' Motion as to this proposed amendment.

## III.   CONCLUSION

As set forth above, the proposed amendment to add a count based on the Kach's May 1, 2004 loan is futile since it is barred, as a matter of law, by even the longest of the TILA statutes of limitations. Accordingly, Ameriquest respectfully requests that the Court deny Plaintiffs' Motion to add this futile count.

Respectfully submitted,

DATED: July 19, 2007                     By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

3

**CERTIFICATE OF SERVICE**

     I, Bernard E, LeSage, hereby certify that on this 19th day of July 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                By: /s/ Bernard E. LeSage