IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 1:05-cv-07097<br><br>Centralized before the<br>Hon. Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Belval et al. v. Ameriquest Mortgage Company, et al.*, Case No. 1:06-cv-02469 | July 27, 2007 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S LIMITED OPPOSITION TO
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant's objection to Plaintiffs' motion for leave to file an amended complaint should be denied based on the terms of Defendant's February 2006 Stipulation for Standstill. Defendant objects by asserting that Sharon and Ronald Kach's rescission claim, set forth in the proposed Count Twenty-Three, is barred by the Truth in Lending Act's three-year limitation on rescissions.[1] However, the Defendant is estopped from raising such a defense pursuant to its own stipulation.

---

[1] Defendant's assertion regarding the one-year statute of limitations is incorrect and has already been rejected by this Court. Mem. of Law In Supp. of D.'s Limited Opp'n to P.s' Mot. for Leave to File Am. Compl. at 1, n.1, 2 (Case #1:06-cv-02469, Dkt. #44) (filed July 19, 2007); *In Re: Ameriquest Mortgage Co., Mortgage Lending Practices Litigation*, MDL #1715, Lead Case #1:05-cv-07097, slip op. at 3 (Dkt. #845) (Aspen, J., June 25, 2007) ("If a creditor does not take the steps prescribed in § 1635(b), that failure is itself a separate violation: plaintiffs can sue for statutory and actual damages, and the limitations period is measured from the date of this new 'occurrence.'").

**Description of Stipulation for Standstill**

On February 21, 2006, the Court (Aspen, J.) entered, as an order, Ameriquest's "Stipulation for Standstill" with certain plaintiffs. MDL Lead Case #1:05-cv-07097, Dkt. #54 (hereinafter "Stipulation") (attached as Exh. A). The Stipulation provides that:

> a standstill shall apply from February 7, 2006 to and including the date upon which this Court decides Plaintiffs' Motion for Preliminary Injunction ("Standstill Period") for all those Ameriquest Mortgage Company ("Ameriquest") borrowers whose rescission rights may otherwise lapse during the Standstill Period and who Plaintiffs assert:
>
> (a) received a Notice of Right to Cancel in which the Date of Expiration of the Right to Cancel was blank; or
>
> (b) received an incorrect form of Notice or Right to Cancel because their loan paid off a prior loan with Ameriquest and their notice did not accurately describe the effect of cancelling such a loan.

Stipulation, Exh. A, at ¶ 1.

The Stipulation expires if the Court denies the stipulating plaintiffs' motion for a preliminary injunction. *Id*. at ¶ 4. As of the date of this Response, the Court has not yet issued a decision regarding the motion for a preliminary injunction, therefore the Stipulation is still in effect. The Stipulation effectively applies to all Ameriquest borrowers who entered into mortgage loans from February 7, 2003. According to the Stipulation, any right to rescind such a loan for the reasons described in the Stipulation will not lapse during the Standstill Period even though TILA's three-year rescission deadline would ordinarily cause the borrower's right to expire.

2

### The Mortgage Loan Described in Count Twenty-Three of the Proposed Complaint Is Within the Scope of the Stipulation for Standstill

The loan at issue in Defendant's objection was originated on May 1, 2004 – well after February 7, 2003. On May 29, 2007 the borrowers mailed a letter to Ameriquest asserting their right to rescind the mortgage based "upon the fact that Ameriquest utilized the wrong Notice of Right to Cancel form." Exh. B (letter asserting rescission of May 1, 2004 transaction). This type of claim is expressly within the scope of the Standstill Stipulation. *See* Stipulation, Exh. A, at ¶ 1(b). The proposed complaint similarly asserts that Ameriquest failed to properly notify Mr. and Mrs. Kach of their right to rescind the loan. Exh. B to P.s' Mot. for Leave to File Am. Compl., *Instanter* at ¶268 (Case #1:06-cv-02469, Dkt. #42-2) (filed June 26, 2007). Although the Kach's right to rescind this loan would ordinarily have lapsed by May 1, 2007, this date falls clearly within the Standstill Period. Therefore, pursuant to Ameriquest's Stipulation, the Kach's right to rescind did not lapse and their claim is not time-barred.

### Ameriquest is Estopped from Asserting Claim is Time-Barred

Ameriquest should be held to its stipulation and estopped from asserting that the Kachs' claim is time-barred. Ameriquest previously stipulated, in this same multidistrict litigation, that claims such as the Kachs' would not lapse under TILA's three-year rescission period. *See* Stipulation, Exh. A, at ¶ 1. "[A]s a general rule . . . parties entering into stipulations during the course of a judicial proceeding are estopped to take positions inconsistent therewith. *See* 31 C.J.S. Estoppel § 120." *Markow v. Alcock*, 356 F.2d 194, 198 (5th Cir. 1966); *accord Custom Distrib. Servs. v. City of Perth Amboy Tax Assessor (In re Custom Distrib. Servs.)*, 216 B.R. 136, 148 (Bankr. D.N.J. 1997) (finding party bound by stipulation and judicially estopped from asserting contrary position). Ameriquest's objection to Plaintiffs' motion for leave to file the

amended complaint is in direct conflict with the Stipulation. Therefore, the Court should deny the objection based on judicial estoppel.

WHEREFORE, Plaintiffs respectfully request that the Court overrule Defendant's objection and grant them leave to file their amended complaint, *instanter*.

PLAINTIFFS,

By: /s/ Andrew G. Pizor
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

The foregoing was mailed to the following *pro se* and non-appearing parties:

| | |
|---|---|
| Ameriquest Mortgage Company and<br>HSBC Mortgage Services<br>Bernard E. LeSage, Esq.<br>Sarah K. Andrus, Esq.<br>BUCHALTER NEMER, a P.C.<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-2457 | Merrill Lynch Credit Corporation<br>c/o CT Corporation System<br>One Commercial Plaza<br>Hartford, CT 06103 |

      /s/ Andrew G. Pizor

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Hon. Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**STIPULATION FOR STANDSTILL**

IT IS HEREBY STIPULATED, by and between the parties through their attorneys of record as follows:

1. That a standstill shall apply from February 7, 2006 to and including the date upon which this Court decides Plaintiffs' Motion for Preliminary Injunction ("Standstill Period") for all those Ameriquest Mortgage Company ("Ameriquest") borrowers whose rescission rights may otherwise lapse during the Standstill Period and who Plaintiffs assert:

   (a) received a Notice of Right to Cancel in which the Date of Expiration of the Right To Cancel was blank; or

   (b) received an incorrect form of Notice of Right to Cancel because their loan paid off a prior loan with Ameriquest and their notice did not accurately describe the effect of cancelling such a loan.

2. Excluded from this Standstill Period are those Ameriquest borrowers who have previously released their claims against Ameriquest, or who may release their claims, by reason of the Attorneys General's Settlement or otherwise.

3. Nothing in this Stipulation shall, in any way:

   (a) Modify, change or inhibit, in any way, the Attorneys General's Settlement or the release of rights of borrowers who elect to participate in the Attorneys General's Settlement; or

   (b) Constitute an admission of fact or law or otherwise prejudice any claim or defense of Ameriquest; or

   (c) Be used to support any argument that an injunction shall be issued against Ameriquest and/or a class should be certified against Ameriquest.

4. Should the Court deny Plaintiffs' Motion for Preliminary Injunction, the rescission right of any borrower whose right to rescind would have expired during the Standstill Period, shall expire immediately upon that denial.

5. Should the Court grant the Plaintiffs' Motion for Preliminary Injunction, rescission claims covered by this stipulation shall be treated as if they did not lapse and such claims shall be subject to any relief provided by the terms of the Court's preliminary injunction and to any further orders of the Court respecting those claims.

6. Defendant agrees that no further action will be taken to foreclose on the property of the individuals listed below, without at least thirty (30) days prior written notice of such action, served by U.S. Mail, to Plaintiffs' counsel, Gary Klein, Esq., at the following address: Roddy, Klein & Ryan, 727 Atlantic Avenue, 2nd Floor, Boston, MA 02111.

   (i) Lynn Gay
   (ii) David and Janet Wakefield
   (iii) Harriet Holder
   (iv) Frank and Martha White
   (v) Christopher Bourassa
   (vi) James Devlin
   (vii) Daisybel and William Tolbert
   (viii) Christopher Gabrielli
   (ix) Patricia Masson
   (x) Terry Baumgartner

7. Plaintiffs and Defendants shall simultaneously file and serve on or before February 14, 2006, their respective Memorandum of Points and Authorities regarding written notice to Ameriquest borrowers that are currently subject to a foreclosure sale and at risk of potentially losing a right of rescission.

8. Plaintiffs and Defendants shall simultaneously file and serve on or before February 17, 2006, their respective Reply Memorandum of Points and Authorities regarding written notice to Ameriquest borrowers that are currently subject to a foreclosure sale and at risk of potentially losing a right of rescission.

9. Defendants shall file and serve on or before February 14, 2006, their Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Injunction, and their Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Class Certification.

10. Plaintiff shall file and serve on or before March 1, 2006, any and all Reply Memorandum of Points and Authorities to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, and Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Class Certification.

DATED: February 13, 2006           RODDY KLEIN & RYAN

                                   By: /s/ Gary Klein
                                       *Attorneys for Plaintiffs in Williams vs.*
                                       *Ameriquest and Murphy vs. Ameriquest*

DATED: February 13, 2006           LIEFF, CABRASER, HEIMANN
                                   & BERNSTEIN LLP

                                   By: /s/ Kelly M. Dermody
                                       *Attorneys for Plaintiffs in Williams vs.*
                                       *Ameriquest*

DATED: February 13, 2006           JAMES, HOYER, NEWCOMER
                                   & SMILJANICH PA

                                   By: /s/ Terry A. Smiljanich
                                       *Attorneys for Plaintiffs in Burggraff vs.*
                                       *Ameriquest*

- 3 -

DATED: February 13, 2006              FENWICK & WEST LLP


                                      By: /s/ Emmett Stanton
                                              *Attorneys for Plaintiffs in Knox vs.*
                                                          *Ameriquest*


DATED: February 13, 2006              BUCHALTER NEMER
                                      A Professional Corporation


                                      By: /s/ Bernard E. LeSage
                                              BERNARD E. LeSAGE
                                      *Attorneys for Defendants Ameriquest Mortgage*
                                      *Company, Ameriquest Capital Corporation and*
                                      *Argent Mortgage Company*


IT IS SO ORDERED:

DATED: February 21, 2006

                                      THE HONORABLE MARVIN E. ASPEN
                                      United District Court Judge

- 4 -

BN 779975v1

# EXHIBIT B



**Andrew G. Pizor**
Attorney-at-Law
Telephone (860) 571-0408
Direct (203) 570-4249
Facsimile (860) 571-7457
apizor@consumerlawgroup.com

May 29, 2007

**VIA CERTIFIED MAIL # 7006 2150 0005 5002 7442**

WM Specialty Mortgage LLC, Without Recourse
Corporation Service Company
84 State Street
Boston, MA 02109

**VIA CERTIFIED MAIL # 7006 2150 0005 5002 7428**

Ameriquest Mortgage Company
c/o Bernard E. LeSage, Esq.
Buchalter Nemer P.C.
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457

Re:     Sharon and Ronald Kach
       Loan No. 86007820

Property Address:   11 Shari Dr., Seymour, CT 06483

To Whom It May Concern:

    This office represents Mr. and Ms. Kach concerning the loan transaction they entered into with the Ameriquest Mortgage Company bearing the above loan number and subsequently assigned to WM Specialty Mortgage. I have been authorized by my clients to rescind this transaction and hereby exercise that right pursuant to the Connecticut Truth-In-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, the Federal Truth in Lending Act, 15 U.S.C. § 1635, and Regulation Z § 226.23 (12 C.F.R. § 226.23).

    My clients' right to rescind this transaction is predicated upon the fact that Ameriquest utilized the wrong Notice of Right to Cancel form. Specifically, this mortgage loan refinanced a prior mortgage with Ameriquest.

35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067

tel. 860 ■ 571 ■ 0408
fax 860 ■ 571 ■ 7457

lawyer@consumerlawgroup.com

*Lawyers for the Rest of Us.*™

Reg. Z § 226.23(b)(2) requires that the creditor provide the appropriate model form from Appendix H to the regulation or a substantially similar notice. Rather than utilize the model form in Appendix H applicable to a refinancing with the original creditor (Form H-9), Ameriquest utilized Form H-8. The disclosures are different for loans where a third party loan is being refinanced, and the appropriate disclosures were not made in this instance. Assignees are fully liable for rescission under the Truth in Lending Acts. My clients reserve all rights to raise additional or alternative grounds for rescission as may be subsequently identified under state or federal law.

My clients are ready, willing, and able to tender any money owed, consistent with the timing and procedure set forth in the Truth in Lending Acts and Regulation Z. We are prepared to discuss a tender obligation, should it arise, and satisfactory ways by which my clients may meet this obligation. However, please note that the information we have appears to indicate that this loan has been satisfied meaning that the borrowers would not be liable for tendering any money or goods to either Ameriquest or WM Specialty Mortgage. If you have information to the contrary, please provide it with your response to this rescission notice.

Please be advised that if you do not cancel the security interest and return all consideration paid by my clients within 20 days of receipt of this letter, you will be responsible for actual and statutory damages pursuant to the Truth in Lending Acts.

Sincerely,

Andrew G. Pizor

cc: Sharon and Ronald Kach

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   WM Specialty Mortgage LLC
   Without Recourse
   Corporation Service Company
   84 State Street
   Boston, MA 02109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): B Montanez
C. Date of Delivery: 6/1/07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service): 7006 2150 0005 5002 7442

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ .41 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.21 |

Kach, Ronald (AMQ)
Postmark Here

Sent To: WM Specialty Mtg LLC, without Recourse
Street, Apt. No.; or PO Box No.: Corporation Service Comp.
City, State, ZIP+4: 84 State St., Boston MA 02109

7006 2150 0005 5002 7442

PS Form 3800, August 2006    See Reverse for Instructions

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ .41 | Koch, Ronald (AMQ) |
| Certified Fee | 2.65 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 2.15 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.21 | |

Sent To: Ameriquest Mtg. Comp.
Street, Apt. No.; or PO Box No. c/o Bernard LeSage Buchalter Nemer PC
City, State, ZIP+4 1000 Wilshire Blvd., Suite 1500 Los Angeles CA

7006 2150 0005 5002 7428

PS Form 3800, August 2006 — See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Ameriquest Mortgage Company
   c/o Bernard E. LeSage, Esq.
   Buchalter Nemer P.C.
   1000 Wilshire Blvd., Suite 1500
   Los Angeles, CA 90017-2457

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature] 29 MAY 2007 PM  ☑ Agent ☐ Addressee

B. Received by (Printed Name): [signature]   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail  ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7006 2150 0005 5002 7428

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540